IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ALEXANDER NODARSE                                  PLAINTIFF

v.                                                                           No. 2:10CV143-D-V

JOANN ROSE, ET AL.                                 DEFENDANTS

MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Alexander Nodarse, who challenges the conditions of his confinement under 42 U.S.C. § 1983. Nodarse is a California inmate currently housed at the Tallahatchie County Correctional Facility, a private prison housing inmates from several states. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The defendants seek [49] dismissal of this case for failure to exhaust administrative remedies. For the reasons set forth below, the instant case will be dismissed for failure to exhaust administrative remedies.

DISCUSSION

Nodarse claims that his headphones and CD player were broken and that his legal documents were taken during a search of his cell. The court must ensure that the plaintiff has exhausted his administrative remedies with the Mississippi Department of Corrections before examining the merits of his § 1983 claims. 42 U.S.C. § 1997e(a), *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001). California inmates housed at TCCF were required to complete a three (3) step process pursuant to California Department of Corrections and Rehabilitation ("CDCR") Inmate Resolution procedures. First, the inmate must first file a CDCR Inmate Informal Resolution Form (14-101A). A corrections official will then meet with the inmate to discuss his

grievance. A response is given to the inmate regarding his grievance within 10 days. If the inmate is unsatisfied with the response, he must then file a CDCR Inmate Formal Grievance Form (14-101B) within 15 days of receiving his response. An investigation will be conducted and a response given to the inmate within 30 days. The response is reviewed and signed off by the Warden and then given to the inmate. If the inmate is not satisfied with the response, he may then file a Lost/Damaged/Stolen Personal Property Claim (14-6D). The Warden responds to the 14-6D appeal. If the inmate is dissatisfied with the Warden's response, he may then file a Inmate/Parolee Appeal Form (602).

In this case the plaintiff has not completed the administrative remedy process. Indeed, he did not even initiate the second step of the procedure described above. As such, this case is **DISMISSED** for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 2nd day of April, 2012.

/s/ Glen H. Davidson
SENIOR JUDGE